The Honorable Hoye D. Horn State Representative P.O. Box 64 Foreman, AR 71836-0064
Dear Representative Horn:
This is in response to your request for an opinion on the following questions regarding the Oak Hill Cemetery of Little River County Association, Inc.:
 1. When the addresses and officers change, do they file the amended Articles of Incorporation through the court and/or file it with the Circuit Clerk?
 2. In Section 3 of the Constitution and By-Laws, the terms of the officers are stated. Does this mean the officers can serve on the Board of Directors longer than the stated six years and just not hold an office (President, Vice-President or Secretary-Treasurer)?
 3. Section 2 states the officers (President, Vice-President and Secretary-Treasurer) and three others comprise the Board of Directors. When a new board member is elected from the at-large membership and an office is vacant, is he elected as a Board Member or Officer (for the vacant office)?
 4. What is to be done if the President does not
hold quarterly board meetings to report to the Board of Directors; Section 7 states they are to hold quarterly meetings.
 5. If the By-laws or Constitution are amended, are the amendments filed through the court and/or with the Circuit Clerk?
 6. Regarding Section 9, is the Association allowed by law to charge a set price for grave sites? Is the Association allowed to refuse a grave site to anyone and, if so, for what reasons?
The answer to your first question is, in my opinion, "no." A review of the Arkansas Nonprofit Corporation Act (A.C.A. §§4-28-201—224 (Repl. 1991)) indicates that amendments to the articles of incorporation must be filed with the Secretary of State. See A.C.A. § 4-28-206(d).[1]
Your second question requires interpretation of the articles of incorporation, a task that is ordinarily not properly within the scope of an Attorney General opinion. Determining the intent of the incorporators involves a factual inquiry, rather than a question involving the application of state law. Regardless of the intent, however, reference should be made to A.C.A. §§4-28-211 and 4-28-213, which govern the terms of office of the board of directors and officers, respectively. These legal requirements will be controlling, regardless of the articles' provisions.
With regard to your third question, it is clear under A.C.A. §4-28-211(a) that the directors constituting the first board shall hold office "until their successors have been elected and qualified," and that "[t]hereafter, the board of directors shall be elected by vote of the entire membership of the corporation." If a board member's term has expired, therefore, and an election is held, I assume that the membership will be voting to fill that position. The election should be handled in such a way that it is clear which position is being filled. It may reasonably be concluded, however, that the election of a successor director will not result in the filling of a vacancy in the office of President, Vice-President or Secretary-Treasurer.
Your fourth question, involving quarterly meetings, again requires construction of the articles of incorporation in order to determine the incorporators' intent. The question posed does not appear to implicate a legal issue, other than in relation to the intent expressed under Section 7. I would simply point out, however, that the meeting times apparently are to be specified by the Board. See Section 7. It thus seems that the President's failure to call a quarterly meeting would not preclude the Board from specifying a meeting time.
The answer to your fifth question is "no."
With regard to your final question, my research has not disclosed a prohibition against charging a set price for grave sites. As for refusing a grave site to anyone, the state has not legislated specific restrictions in this regard. The possibility that some federal restriction would apply should, however, be considered. Section 1981 of Title 42 of the United States Code, for instance, prohibits racial discrimination in the making and enforcement of contract rights. The Americans With Disabilities Act (P.L.101-336) provides protections for persons with disabilities. While there may, therefore, be reasons for refusing a grave site that would be impermissible, this determination will depend upon the particular facts, considered on a case by case basis.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It is assumed, in your question, that the articles of incorporation will be amended to reflect the new officers and their addresses. While the Nonprofit Corporation Act requires that the articles set forth the names and addresses of the initial directors and the incorporators (A.C.A. § 4-28-206), the act does not require an amendment each time the directors or officers change.